IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREEM MILLS, | : | CIVIL NO. 3:CV-06-2390 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| EUGENE BERDANIER, ET AL., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Kareem Mills, an inmate confined to the Schuylkill County Prison, filed this civil rights action pursuant to 42 U.S.C. § 1983, on December 13, 2006. (Doc. 1). Presently pending is defendants' motion to dismiss the complaint pursuant to FED. R. CIV. P. 12(b) and motion for summary judgment pursuant to FED. R. CIV. P. 56. (Doc. 11). For the reasons set forth below, the motion for summary judgment will be granted.

### I. Statement of Material Facts

Plaintiff alleges that, on August 28, 2006, defendant Gallie did not provide him with medical treatment for more than ninety minutes after he was sprayed with mace by defendants Gotshall and Rompalo. (Doc. 1, p. 2). He also complains that defendants Berdanier and Flannery "failed to maintain proper living standards and maintenance of the sink and toilet." (Id.) Lastly, he contends that defendant Berdanier failed to investigate the poor living condition, despite numerous complaints.

The Schuylkill County Prison has a grievance procedure which was adopted effective May

2005. (Doc. 15, p. 1, ¶ 2). The procedure provides "an internal grievance policy for resolving complaints of prison policy, civil rights, constitutional rights, or statutory rights." (Doc. 16, p. 3). A written grievance may be filed with the deputy warden, who serves as the grievance coordinator, anytime within thirty days after a potential grievable event has occurred. (Id. at pp. 5-6). The grievance will be numbered and dated upon receipt and a response to the grievance will be generated within fifteen working days. (Id.) Individuals who are dissatisfied with the response, have the right to appeal the decision to the warden within ten days of the date the response was received. (Id. at p. 6). The warden's decision on the appeal is considered final. (Id.)

On September 8, 2006, Plaintiff wrote a grievance "about the incident and events that took place on August 28, 2006." (Doc. 1, p. 6; Doc. 19, p. 2). He also indicates that on September 26, 2006, he had a conference with the deputy warden concerning the grievance and the deputy warden advised him that he would conduct an investigation. (Id.) On September 29, 2006, the deputy warden informed him that his grievance was denied. Plaintiff did not appeal the grievance because he was "not aware an appeal exist[ed]." (Doc. 25, p. 2).

## II. Standard of Review

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56; see also Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248-51 (1986). A factual dispute is material if it might affect the outcome of the suit under the applicable law. Anderson, 477 U.S. at 248. A factual dispute is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the nonmoving party. Id. at 249; Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). When deciding a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party, who is "entitled to every reasonable inference that can be drawn from the record." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000). "The inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one sided that one party must, as a matter of law, prevail over the other." Anderson, 477 U.S. at 248.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Childers v. Joseph, 842 F.2d 689, 694 (3d Cir. 1988). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, the nonmoving party may not simply sit back and rest on the allegations in the complaint. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden at trial." Id. at 322.

With respect to the sufficiency of the nonmoving party's evidence, a court should grant summary judgment where the nonmovant's evidence is merely colorable, conclusory or speculative. Anderson, 477 U.S. at 249-50. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

### III. Discussion

Defendants contend that plaintiff failed to exhaust his available administrative remedies. The Prison Litigation Reform Act (PLRA) requires prisoners to present their claims through an administrative grievance process before seeking redress in federal court. The act specifically provides as follow:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). Prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. See Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). "[I]t is beyond the power . . . of any . . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998) (citing Weinberger v. Salfi, 422 U.S. 749, 766 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion

requirement." Nyhuis, 204 F.3d at 71. The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court.[1] Woodford v. Ngo, 126 S.Ct. 2378, 2387 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 2386. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Id. at 2387 (quoting Nussle, 534 U.S. at 525)).

The record reveals that the plaintiff has failed to exhaust his administrative remedies with regard to the issues raised in his complaint. However, he argues that exhaustion should be excused because there was no appeal procedure available to him at the time he pursued his grievance. (Doc. 30, p. 2). In support of his argument, he attaches to his reply brief a copy of the grievance policy, which he represents was posted in all cell blocks in the prison in March 2007. (Doc. 30, pp. 5-10). He argues that this is a revised version of the grievance policy that now contains an avenue of appeal. He asks the Court to compare the "revised version" to the version that has been in place since May 2005. (Doc. 16, pp. 2-7). The Court has done so and it is clear that both policies are identical in all respects and that plaintiff is mistaken in his belief that the newly posted policy is "revised." According to the record, the grievance procedure, which has

---

[1] A prisoner does not have to allege in his complaint that he has exhausted administrative remedies. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). Failure to exhaust available administrative remedies is an affirmative defense that must be pleaded and proven by the defendants. Id.; see also Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

5

been in place since May 2005, clearly includes an avenue of appeal, that plaintiff failed to utilize. Consequently, he has failed to exhaust his available administrative remedies. Defendants' motion for summary judgment will be granted.

**AND NOW**, to wit, this 18th day of July 2007, it is hereby **ORDERED** that:

1. Defendants' motion for summary judgment (Doc. 11) is GRANTED.

2. The Clerk of Court is directed to ENTER judgment in favor of defendants and against plaintiff.

3. Defendant Gallie's motion to dismiss (Doc. 36) is DENIED as moot.

4. Plaintiff's motion for appointment of counsel (Doc. 33) is DENIED.

5. The Clerk of Court is further directed to CLOSE this case.

BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**